UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY J. WALTON,

    Petitioner,                              Civil No. 04-CV-73695-DT
                                                 HONORABLE NANCY G. EDMUNDS
v.                                               UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Harry J. Walton, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b); M.S.A. 28.788 (4)(1)(b); and being a second-felony habitual offender, M.C.L.A. 769.10; M.S.A. 28. 1082. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I.   Background**

Petitioner pleaded guilty to the above charges in the St. Clair County Circuit Court on September 4, 2002, in exchange for the dismissal of the original charge of first-degree criminal sexual conduct. Petitioner was sentenced on October 7, 2002 to fifteen years to twenty two years, six months in prison. Petitioner's conviction was

affirmed on appeal. *People v. Walton,* 250955 (Mich.Ct.App. October 23, 2003); *lv. Den.* 470 Mich. 865; 680 N.W. 2d 900 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus. For purposes of judicial clarity, the Court will paraphrase petitioner's claims, rather than recite them verbatim:

> I. The trial court lacked jurisdiction to accept petitioner's guilty plea, because he was not brought to trial within 180 days, as required by M.C.R. 6.004.
>
> II. The trial court enhanced petitioner's sentence based upon hearsay information and also improperly departed above the sentencing guidelines range.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court

2

on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The 180 day rule claim.**

In his first claim, petitioner alleges that he was brought to trial in violation of the 180 day rule set forth in M.C.L.A. 780.131; M.S.A. 28.969(1) and M.C.R. 6.004(d). Petitioner is not entitled to habeas relief on this claim.

First, petitioner's unconditional guilty plea to the charge of third-degree criminal sexual conduct waived his claim that he was denied his constitutional right to a speedy trial and his related claim that he was brought to trial in violation of Michigan's 180 day rule. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Contrary to petitioner's argument, the right to a speedy trial is not a jurisdictional issue. *Howard,* 76 Fed. Appx. at 53 (citing *Tiemens v. United States*, 724 F. 2d 928,

929 (11th Cir. 1984); *United States v. Yunis*, 723 F. 2d 795, 796 (11th Cir. 1984)); *See also United States v. Jarrar,* 99 Fed. Appx. 726, 730 (6th Cir. 2004). Petitioner has therefore waived this claim by pleading guilty.

Secondly, petitioner is not entitled to habeas relief on his claim that his right to a speedy trial was deprived because he was brought to trial in violation of Michigan's 180 day rule set forth in M.C.L.A. 780.131; M.S.A. 28.969(1) and M.C.R. 6.004(d) because it is essentially a state law claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004). A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Burns,* 328 F. Supp. 2d at 722 (citing *Poe v. Caspari*, 39 F. 3d 204, 207 (8th Cir. 1994); *Wells v. Petsock*, 941 F. 2d 253, 256 (3rd Cir. 1991)). Petitioner's allegation that the State of Michigan violated its own 180 day rule would therefore not entitle him to habeas relief. *Id.*

**B.  Claim # 2.  The sentencing claim.**

In his second claim, petitioner claims that the trial court improperly departed above the sentencing guidelines range in this case. Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for departing above this sentencing guidelines range.

This Court initially notes that petitioner's sentence of fifteen years to twenty two years, six months for the offense of third-degree criminal sexual conduct and being a second felony habitual offender was within the statutory limits for those

offenses. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that his sentence violates the Michigan state sentencing guidelines is not cognizable in a habeas proceeding because it is a state law claim. *See Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Payne v. Smith,* 207 F. Supp. 2d 627, 640 (E.D. Mich. 2002). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above

his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner, however, contends that both the probation department and the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines or in departing above the guidelines range which had not been submitted to a jury and proven beyond a reasonable doubt.

In support of his argument, petitioner relies on the case of *Blakely v. Washington,* 124 S. Ct. 2531 (2004)*,* in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 2536 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing

6

M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence, because Michigan's sentencing scheme provides for indeterminate sentences. *Id.,* 124 S Ct. at 2540-41. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Id.* In this case, because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's departure above the recommended sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Williams v. Benik,* 2005 WL 300379, * 2 (W.D. Wis. January 26, 2005); *vacated in part on other grds,* 2005 WL 331743 (W.D. Wis. February 8, 2005).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas

7

petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. **ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                       s/Nancy G. Edmunds
                       Nancy G. Edmunds
                       United States District Judge

Dated: June 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2005, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager

:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY J. WALTON,

    Petitioner,                                    Civil No. 04-CV-73695-DT
                                                             HONORABLE NANCY G. EDMUNDS
v.                                                    UNITED STATES DISTRICT JUDGE

KENNETH McKEE,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Harry J. Walton, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction on one count of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b); M.S.A. 28.788 (4)(1)(b); and being a second-felony habitual offender, M.C.L.A. 769.10; M.S.A. 28. 1082. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner pleaded guilty to the above charges in the St. Clair County Circuit Court on September 4, 2002, in exchange for the dismissal of the original charge of first-degree criminal sexual conduct. Petitioner was sentenced on October 7, 2002 to fifteen years to twenty two years, six months in prison. Petitioner's conviction was

1

affirmed on appeal. *People v. Walton,* 250955 (Mich.Ct.App. October 23, 2003); *lv. Den.* 470 Mich. 865; 680 N.W. 2d 900 (2004).

Petitioner now seeks the issuance of a writ of habeas corpus.  For purposes of judicial clarity, the Court will paraphrase petitioner's claims, rather than recite them verbatim:

> I.  The trial court lacked jurisdiction to accept petitioner's guilty plea, because he was not brought to trial within 180 days, as required by M.C.R. 6.004.
>
> II.  The trial court enhanced petitioner's sentence based upon hearsay information and also improperly departed above the sentencing guidelines range.

## II.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  Claim # 1.  The 180 day rule claim.**

In his first claim, petitioner alleges that he was brought to trial in violation of the 180 day rule set forth in M.C.L.A. 780.131; M.S.A. 28.969(1) and M.C.R. 6.004(d). Petitioner is not entitled to habeas relief on this claim.

First, petitioner's unconditional guilty plea to the charge of third-degree criminal sexual conduct waived his claim that he was denied his constitutional right to a speedy trial and his related claim that he was brought to trial in violation of Michigan's 180 day rule. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003). An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Contrary to petitioner's argument, the right to a speedy trial is not a jurisdictional issue. *Howard,* 76 Fed. Appx. at 53 (citing *Tiemens v. United States*, 724 F. 2d 928,

3

929 (11th Cir. 1984); *United States v. Yunis*, 723 F. 2d 795, 796 (11th Cir. 1984)); *See also United States v. Jarrar,* 99 Fed. Appx. 726, 730 (6th Cir. 2004). Petitioner has therefore waived this claim by pleading guilty.

Secondly, petitioner is not entitled to habeas relief on his claim that his right to a speedy trial was deprived because he was brought to trial in violation of Michigan's 180 day rule set forth in M.C.L.A. 780.131; M.S.A. 28.969(1) and M.C.R. 6.004(d) because it is essentially a state law claim. *See Burns v. Lafler,* 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004). A violation of a state speedy trial law by state officials, by itself, does not present a cognizable federal claim that is reviewable in a habeas petition. *Burns,* 328 F. Supp. 2d at 722 (citing *Poe v. Caspari*, 39 F. 3d 204, 207 (8th Cir. 1994); *Wells v. Petsock*, 941 F. 2d 253, 256 (3rd Cir. 1991)). Petitioner's allegation that the State of Michigan violated its own 180 day rule would therefore not entitle him to habeas relief. *Id.*

### B.  Claim # 2.  The sentencing claim.

In his second claim, petitioner claims that the trial court improperly departed above the sentencing guidelines range in this case. Petitioner further alleges that the trial court used facts which had not been proven beyond a reasonable doubt before a jury as a basis for departing above this sentencing guidelines range.

This Court initially notes that petitioner's sentence of fifteen years to twenty two years, six months for the offense of third-degree criminal sexual conduct and being a second felony habitual offender was within the statutory limits for those

4

offenses. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that his sentence violates the Michigan state sentencing guidelines is not cognizable in a habeas proceeding because it is a state law claim. *See Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Payne v. Smith,* 207 F. Supp. 2d 627, 640 (E.D. Mich. 2002). Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above

his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner, however, contends that both the probation department and the trial court judge violated his Sixth Amendment right to a trial by jury by using factors to score his sentencing guidelines or in departing above the guidelines range which had not been submitted to a jury and proven beyond a reasonable doubt.

In support of his argument, petitioner relies on the case of *Blakely v. Washington,* 124 S. Ct. 2531 (2004), in which the U.S. Supreme Court has held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 2536 (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Claypool,* 470 Mich. 715, 730, n. 14; 684 N.W. 2d 278 (2004)(citing M.C.L.A. 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id.* Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing

M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 470 Mich. at 730, n. 14.

The decision in *Blakely v. Washington*, has no application to petitioner's sentence, because Michigan's sentencing scheme provides for indeterminate sentences. *Id.,* 124 S Ct. at 2540-41.  Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Id.*  In this case, because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's departure above the recommended sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Williams v. Benik,* 2005 WL 300379, \* 2 (W.D. Wis. January 26, 2005); *vacated in part on other grds,* 2005 WL 331743 (W.D. Wis. February 8, 2005).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas

petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: June 1, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 1, 2005, by electronic and/or ordinary mail.

                                      s/Carol A. Hemeyer
                                      Case Manager

: